IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

RECEIVED
2010 MAR -4 A 10: 56
DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

| | |
|---|---|
| WALTER BUSSEY; DOLLIE WILLIAMS; MAUDIE GREEN, DAVID M. PALMER, II; ROBIN PAIGE, PATRICIA WILBORN; and BARBARA GRAHAM; <br><br>Plaintiffs, <br><br>vs. <br><br>MACON COUNTY GREYHOUND PARK, INC., d/b/a "VICTORYLAND" and "QUINCY'S 777"; MILTON E. MCGREGOR; MULTIMEDIA GAMES, INC.; IGT; CADILLAC JACK, INC.; COLOSSUS, INC.; ROCKET GAMING SYSTEMS, LLC; NOVA GAMING, LLC; BALLY GAMING, INC.; <br><br>Defendants. | Civil Action No. <br>3:10CV191- mht <br><br>**DEMAND FOR JURY TRIAL** <br><br>CLASS ACTION |

## ORIGINAL CLASS ACTION COMPLAINT

1. Plaintiffs Bussey, Williams, Green, Palmer, Paige, Wilborn and Graham (collectively herein "Plaintiffs") bring this nationwide class action on behalf of themselves and on behalf of all others similarly situated who have not filed a separate individual suit on their own behalf who, like the Plaintiffs, lost money playing electronic bingo at Victoryland and Quincy's 777, which were purported legitimate charitable bingo operations pursuant to Amendment 744 but were in fact an illegal operation of electronic gambling machines.

2. Plaintiff Walter Bussey is a resident of the State of Georgia and is over the age of nineteen years.

3. Plaintiff Dollie Williams is a resident of the State of Georgia and is over the age of nineteen years.

4. Plaintiff Maudie Green is a resident of the State of Georgia and is over the age of nineteen years.

5. Plaintiff David M. Palmer, II is a resident of the State of Georgia and is over the age of nineteen years.

6. Plaintiff Robin Paige is a resident of the State of Georgia and is over the age of nineteen years.

7. Plaintiff Patricia Wilborn is a resident of the State of Georgia and is over the age of nineteen years.

8. Plaintiff Barbara Graham is a resident of the State of Georgia and is over the age of nineteen years.

9. Defendant Macon County Greyhound Park, Inc. d/b/a Victoryland and Quincy's 777 casino (hereinafter referred to as "MCGP") is an Alabama corporation with its principal place of business in Macon County, Alabama. MCGP operates a casino known as Quincy's 777 casino in Macon County, Alabama. MCGP is owned by Milton E. McGregor.

10. Defendant Milton E. McGregor ("McGregor") is a resident of the State of Alabama and is over the age of nineteen years. McGregor, on information and belief, is the president and chief operating officer of MCGP.

11. Defendant Multimedia Games, Inc. ("MMG") is a Texas corporation with its principal place of business in Texas. MMG operates illegal bingo games at the Victoryland and Quincy's 777 casino in Macon County, Alabama. IGT owns and operates illegal bingo devices that are used in whole or in part by MCGP in the operation of illegal electronic bingo games in Macon County, Alabama.

12. Defendant IGT ("IGT") is a Nevada corporation with its principal place of business in Nevada. IGT owns and operates illegal bingo games at Victoryland and Quincy's 777 casino in Macon County, Alabama. IGT owns and operates illegal bingo devices used in whole or in part by MCGP in the operation of illegal electronic bingo games in Macon County, Alabama.

13. Defendant Cadillac Jack, Inc. ("Cadillac") is a Georgia corporation with its principal place of business in Georgia. Cadillac operates illegal bingo games at Victoryland and Quincy's 777 casino in Macon County, Alabama. Cadillac owns and operates illegal bingo devices used in whole or in part by MCGP in the operation of illegal electronic bingo games in Macon County, Alabama.

14. Defendant Colossus, Inc. ("Colossus") is an Oklahoma corporation with its principal place of business in Oklahoma. Colossus operates illegal bingo games at Victoryland and Quincy's 777 casino in Macon County, Alabama. Colossus owns and operates illegal bingo devices that are used in whole or in part by MCGP in the operation of illegal electronic bingo games in Macon County, Alabama.

15. Defendant Rocket Gaming Systems, LLC ("Rocket") is an Oklahoma corporation with its principal place of business in Oklahoma. Rocket operates illegal bingo games at Victoryland and Quincy's 777 casino in Macon County, Alabama. Rocket owns and operates certain illegal devices that are used in whole or in part by MCGP in the operation of illegal electronic bingo games in Macon County, Alabama.

16. Defendant Nova Gaming, LLC ("Nova") is a South Carolina corporation with its principal place of business in Montgomery, Alabama. Nova operates illegal bingo games at Victoryland and Quincy's 777 casino in Macon County, Alabama. Nova owns and operates certain illegal bingo devices that are used in whole or in part by MCGP in the operation of illegal electronic bingo games in Macon County, Alabama.

17. Defendant Bally Gaming, Inc. ("Bally") is a Nevada corporation with its principal place of business in Nevada. Bally operates illegal bingo games at

Victoryland and Quincy's 777 casino in Macon County, Alabama. Bally owns and operates illegal bingo devices that are used in whole or in part by MCGP in the operation of illegal electronic bingo games in Macon County, Alabama.

18. Defendants MCGP, McGregor, MMG, IGT, Cadillac, Colossus, Rocket, Nova and Bally, participated in the design, marketing, promotion and operation of illegal gambling operations at issue in this Complaint and conducted at MCGP's Victoryland and Quincy's 777 casino in Macon County, resulting in substantial profits to said Defendants.

19. This court has jurisdiction over Plaintiffs' RICO claims pursuant to 18 U.S.C. § 1964. The court has jurisdiction over Plaintiffs' remaining claims pursuant to its supplemental jurisdiction under 28 U.S.C. § 1367 because the claims are so closely related to the RICO claims that they form part of the same case or controversy.

20. Venue is proper in this court pursuant to 28 U.S.C. § 1391(b) and (c).

## FACTUAL ALLEGATIONS

21. Gambling is expressly prohibited under Alabama law. The Constitution of Alabama prohibits games of chance, such as slot machines and lotteries. *See* Section 65, Alabama Constitution (1901). The Alabama Supreme Court has held that bingo is a game of chance constituting a lottery and that any

exception to section 65 of the Alabama Constitution must be narrowly construed when determining whether bingo is authorized or allowed in the State of Alabama.

22. Similarly, various statutory provisions under the Code of Alabama make it a crime to engage in gambling activities, including, but not limited to operating slot machines and possessing gambling devices. It is also a crime under Alabama law to promote and to conspire to promote gambling.

23. Amendment No. 744 to the Alabama Constitution was enacted in 2004 to allow traditional bingo halls to be operated in Macon County, Alabama, by nonprofit organizations, or others by contract with a nonprofit organization. The Amendment specifically limited bingo to "charitable, education, or other lawful purposes. . . ."

24. The bingo amendment to the Constitution did not authorize electronic bingo machines or playing a game purporting to be "bingo" on electronic devices like those that have been used and operated by Defendants MMG, McGregor, IGT, Cadillac, Colossus, Rocket, Nova and Bally in Macon County, Alabama.

25. Amendment 744 to the Alabama Constitution created a narrow exemption to section 65 to allow the playing of the game commonly known as bingo, a game played on a paper card which involves significant human interaction, not electronic slot machines with the name "bingo" operated in casinos.

26. Under the purported protection of Amendment 744, Defendants have operated bingo games with electronic devices which are slot machines prohibited by Alabama law.

27. Defendants' electronic gaming devices are games or contests of chance that are not under the control or influence of the players and that are not influenced by the skill of the player.

28. The Plaintiffs have played bingo on electronic devices at Victoryland and Quincy's 777 casino on various occasions during the past six months and at various times during the past four years. More specifically, Plaintiffs have played bingo on electronic devices at Victoryland and Quincy's 777 casino on devices owned and operated by Defendants MCGP, McGregor, MMG, IGT, Cadillac, Colossus, Rocket, Nova and bally during the past six months and at various times during the past four years.

29. Customers playing electronic bingo at Victoryland have spent millions of dollars.

30. The machines operated by Defendants MCGP, McGregor, MMG, IGT, Cadillac, Colossus, Rocket, Nova, and Bally, are illegal electronic bingo devices, and the games being conducted by the Defendants are illegal under the Alabama Constitution and statutory laws applicable to these devices.

31. Defendants operation of these electronic bingo machines is illegal, fraudulent, and deceptive because (a) the Constitution of Alabama does not allow the operation of electronic bingo in Macon County, Alabama; (b) the Constitution of Alabama expressly prohibits the operation of games constituting lotteries which are not expressly approved by specific and appropriate constitutional amendment(s); (c) the Defendants' electronic bingo machines are slot machines and constitute illegal devices; and (d) the Defendants' electronic bingo machines cannot play or offer the opportunity to play the game commonly known as bingo.

32. The Defendants' electronic bingo machines do not satisfy or fall under the specific requirements of Constitutional Amendment 744 and therefore are illegal gaming machines. Specifically, the Defendants' electronic bingo machines are not the game commonly known as bingo, the games played on the electronic bingo machines are not under the control or influence of the players, and the casino at Victoryland and Quincy's 777 does not substantially benefit the nonprofit organizations through which Defendants purport to operate their gaming machines. Amendment 744 does not allow playing of any bingo game through the use of a slot machine, does not allow the playing of a bingo game through an electronic device, and does not allow the playing of charity bingo for substantial for-profit purposes.

## CLASS ALLEGATIONS

33. Plaintiff asks this Court to certify this action as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf of the following class:

> All persons who paid to play "bingo" at Victoryland and Quincy's 777 casino on Defendants' electronic gaming machines and lost money during the past four years, excluding those individuals who have filed an individual lawsuit on their own behalf concerning these claims.

34. Plaintiffs also ask this Court to certify a subclass of the following persons:

> All persons who paid to play "bingo" at Victoryland and Quincy's 777 casino on Defendants' electronic gaming machines and lost money during the past four years, excluding those individuals who have filed an individual lawsuit on their own behalf concerning these claims.

35. The members of the class are sufficiently numerous that joinder of all members is impractical.

36. There are numerous questions of law and fact common to the class. These common questions include but are not limited to the following:

    a. whether Defendants engaged in a pattern of racketeering activity in violation of RICO;

    b. whether Defendants conducted an enterprise;

    c. whether Defendants conspired with one another to commit the acts alleged herein;

d. whether Defendants operated an illegal gambling facility in violation of Alabama and federal law;

e. whether Defendants owned and operated illegal gambling devices in violation of Alabama and federal law;

f. whether Defendants transported illegal gambling devices in violation of federal law;

g. whether Defendants promoted, advanced and profited from illegal gambling in violation of Alabama law; and

h. whether Defendants conducted, financed, managed, supervised, directed, and/or owned an illegal gambling business in violation of federal law.

37. Plaintiff's claims are typical of the class members' claims.

38. Plaintiff will fairly and adequately protect the interests of the class members.

39. Names and addresses of class members are presently unknown to Plaintiff but can be readily ascertained from the Defendants' business records.

40. The common questions of law and fact predominate over any questions affecting only individual class members. The claims that the Defendants' operations at Victoryland and Quincy's 777 casino were illegal gambling in violation of Alabama and federal law focus on the Defendants'

conduct and affect the class members equally. Indeed, the court's ruling on these issues are determinative of all class members' claims. The Plaintiff's and class members' conduct is not properly at issue in this litigation.

41. The class action proceeding will provide a practical basis for the determination of all interests of the parties, will prevent inconsistent adjudications, will maximize judicial economy and is superior to all other available methods for the fair and efficient adjudication of the controversy.

## COUNT ONE
(Ala. Code 8-1-150)

42. Plaintiffs repeat and incorporate herein each and every allegation contained in this complaint as if fully set forth herein.

43. Defendants' electronic bingo devices at Victoryland and/or Quincy's 777 casino are illegal gambling devices and were operated by Defendants in violation of Alabama law.

44. The Plaintiffs and members of the subclass paid to play and did play on Defendants' electronic bingo devices at Victoryland and/or Quincy's 777 casino during the past six months prior to the filing of this complaint.

45. As a direct and proximate result of said Defendants' operation of illegal bingo games, the Plaintiffs have been injured.

46. Plaintiffs seek recovery of all monies they paid to Defendants MCGP, McGregor, MMG, IGT, Cadillac, Colossus, Rocket, Nova, and Bally as wagers on

illegal bingo gaming machines during the past six months prior to the filing of this complaint pursuant to Alabama Code § 8-1-150(A), plus interests and costs.

## COUNT TWO
(RICO, 18 U.S.C. § 1964)

47. Plaintiffs repeat and incorporate herein each and every allegation contained in this complaint as if fully set forth herein.

48. At all relevant times herein, Plaintiffs, Class members and the Defendants were "persons" within the meaning of 18 U.S.C. § 1961(3). They each are capable of holding a legal or beneficial interest in property.

49. Each Defendant has engaged in a "pattern of racketeering activity," as defined in § 1961(5) of RICO, by owning and/or operating illegal gambling devices in violation of Alabama and federal law and/or conspiring to or aiding and abetting the ownership and/or operation of illegal gambling devices in violation of Alabama and federal law within the past three years. Each such act of racketeering activity was related, had a similar purpose, involved the same or similar participants and methods of commission, and had similar results impacting similar victims, including the Plaintiffs and the members of the Class.

50. More specifically, Defendants engaged in racketeering activity and a pattern of racketeering activity, as defined in 18 U.S.C. § 1961(1) and (5) and prohibited under 18 U.S.C. § 1962(b), by committing the following acts, including, but not limited to:

a. owning and/or possessing illegal gambling devices in violation of Ala. Code § 13A-12-27;

b. promoting gambling and/or advancing or profiting from gambling activity in violation of Ala. Code § 13A-12-22;

c. conspiring to promote gambling and/or to advance or profit from gambling activity in violation of Ala. Code § 13A-12-23;

d. engaging in the business of betting or wagering knowingly using a wire communication facility for the transmission of bets or wagers and/or information assisting in the placing of bets or wagers in violation of 18 U.S.C. § 1804(a);

e. traveling in interstate or foreign commerce or using the mail or any facility in interstate or foreign commerce with the intent to distribute the proceeds of illegal gambling and/or to promote, manage, establish, carry on and/or facilitate the promotion, management, establishment, or carrying on of illegal gambling in violation of 18 U.S.C. § 1952(a)(1) and (3);

f. knowingly carrying or sending in interstate commerce illegal gambling devices in violation of 15 U.S.C. § 1953(a); and

g. conducting, financing, managing, supervising, directing, and/or owning an illegal gambling business in violation of 15 U.S.C. § 1955(a).

51. In carrying out the overt acts and illegal gambling activities described above, each Defendant engaged in conduct in violation of state and federal laws, including 18 U.S.C. §§ 1951(b)(2), 1952(a) and 1961, *et seq.*

52. Defendants engaged in an enterprise within the meaning of 18 U.S.C. §§ 1961(4) and 1962. Specifically, Defendants have engaged in the ongoing and continuing business enterprise of Victoryland and Quincy's 777 casino. Defendants have associated with one another in fact with the common purpose to provide electronic gaming machines, computer software, computer servers and other equipment needed for MCGP to operate Victoryland and Quincy's 777 casino.

53. Defendants all contributed to the conduct and operation of the Victoryland and Quincy's 777 enterprise and said Defendants all received income and substantial economic benefit from the enterprise and the illegal racketeering activities identified above.

54. The Plaintiffs and members of the Class were injured in their business or property as a direct and proximate result of each Defendant's overt acts and

racketeering activities in amounts to be determined at trial. Specifically, Plaintiffs lost money playing on Defendants' illegal bingo machines.

55. Plaintiffs and members of the Class seek to recover their actual and treble damages against the Defendants for violating 18 U.S.C. § 1962(c), for conspiring to violate 18 U.S.C. § 1962(a) and (c) in violation of 18 U.S.C. § 1962(d), and for seeking to aid and abet and aiding and abetting violations of 18 U.S.C. § 1962(a) and (c) within the meaning of 18 U.S.C. § 2.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff respectfully requests the Court to enter an Order:

a. Certifying this matter as a class pursuant to Fed. R. Civ. P. 23 and naming the Plaintiffs as class representatives;

b. Naming Plaintiffs' counsel as class counsel;

c. Awarding actual damages, compensatory damages, treble damages and/or punitive damages;

d. Declaring Defendants' electronic bingo devices illegal under Alabama law;

f. Awarding attorneys' fees and costs incurred in this action;

g. Awarding such other and further relief as the Court may deem just and equitable.

PLAINTIFFS DEMAND A JURY TRIAL OF THE TRIABLE ISSUES IN THIS CASE.

Dated this the 3rd day of March, 2010.

/s/ Tammy McClendon Stokes
David R. Donaldson (DON 010)
Tammy McClendon Stokes (STO 060)
DONALDSON & GUIN, LLC
505 20th Street North, Suite 1000
Birmingham, AL 35203
Telephone: (205) 226-2282
Facsimile: (205) 226-2357
davidd@dglawfirm.com
tammys@dglawfirm.com

Walter B. Calton
Law Offices of Walter B. Calton
312 East Broad Street
Eufaula, AL 36027
Telephone: (334) 687-2407
Facsimile: (334) 687-2466

Please serve Defendants by certified mail at the following addresses:

Macon County Greyhound Park, Inc.
 d/b/a Victoryland and Quincy's 777
c/o The Corporation Company
2000 Interstate Park Drive, Ste. 204
Montgomery, AL 36109

Milton E. McGregor
1 Commerce Street, 8th Floor
Montgomery, AL 36101-3521

Multimedia Games, Inc.
c/o Craig Nouis
Building B, Ste. 400
206 Wild Basin Road S.
Austin, TX 78746

IGT
c/o National Registered Agents, Inc.
150 S. Perry Street
Montgomery, AL 36104

Cadillac Jack, Inc.
c/o The Corporation Company
2000 Interstate Park Drive, Ste. 204
Montgomery, AL 36109

Colossus, Inc.
c/o The Corporation Company
120 N. Robinson, Ste. 735
Oklahoma City, OK 73102

Rocket Gaming Systems, LLC
c/o Crowe & Dunlevy
Attn: Jeffrey T. Hills
321 S. Boston, Ste. 500
Tulsa, OK 74103-3313

Nova Gaming, LLC
c/o The Corporation Company
2000 Interstate Park Drive, Ste. 204
Montgomery, AL 36109

Bally Gaming, Inc.
c/o The Corporation Company
2000 Interstate Park Drive, Ste. 204
Montgomery, AL 36109