IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| WALTER BUSSEY; DOLLIE WILLIAMS; MAUDIE GREEN; DAVID M. PALMER, II; ROBIN PAIGE; PATRICIA WILBORN; and BARBARA GRAHAM, <br><br>Plaintiffs, <br><br>v. <br><br>MACON COUNTY GREYHOUND PARK, INC., d/b/a "VICTORYLAND" and "QUINCY'S 777"; MILTON E. MCGREGOR; MULTIMEDIA GAMES, INC.; IGT; CADILLAC JACK, INC.; MIAMI TRIBE OF OKLAHOMA BUSINESS DEVELOPMENT AUTHORITY d/b/a ROCKET GAMING SYSTEMS; NOVA GAMING, LLC; and BALLY GAMING, INC., <br><br>Defendants. | CASE NO. 3:10-cv-0191-WKW-WC |

**BRIEF IN SUPPORT OF MOTION TO DISMISS MIAMI TRIBE OF OKLAHOMA BUSINESS DEVELOPMENT AUTHORITY d/b/a ROCKET GAMING SYSTEMS BASED ON SOVEREIGN IMMUNITY**

COMES NOW the Defendant, MIAMI TRIBE OF OKLAHOMA BUSINESS DEVELOPMENT AUTHORITY, a political subdivision of the Miami Tribe of Oklahoma, through its undersigned counsel, and files this Brief in Support of its Motion to Dismiss filed herein, and alleges and states:

**FACTS**

The Miami Tribe of Oklahoma Business Development Authority, hereinafter TRIBE, was formed by ordinance of the federally recognized Miami Tribe of Oklahoma in 1999 to act as a government branch of the Miami Tribe and pursue financial opportunities to benefit the Miami Tribe.

1

TRIBE is not a state corporation, but was served a summons in this matter. TRIBE does hold the copyright to the name Rocket Gaming Systems and does mark its products with such name. TRIBE is not aware of any Oklahoma corporation with a similar name to TRIBE or Rocket Gaming Systems.

The complaining parties in this action have plead facts that indicate jurisdiction is sought over TRIBE. The Complaining parties have sent service to TRIBE. The complaining parties have not pled any sovereign immunity waiver concerning TRIBE. The complaining parties appear to have pled an oral contract as a partial basis for their claims.

## ISSUE

**Does an Indian government, when acting under contract or in any other manner with a third party, possess sovereign immunity from suit? YES.**

## ARGUMENT

The causes of action pled by the complaints appear to arise and depend on an oral contract concerning bingo gaming wherein complainants gave money to Victoryland to engage in the game of bingo allowed under an Alabama Constitutional amendment. Complainants allege that TRIBE was the operator of a game at issue and allege the game was illegal under Alabama law. Without addressing the accuracy of such facts, TRIBE, which has been served by certified mail, pleads sovereign immunity to the ability of the complainants to engage TRIBE before a judicial forum. As a government extension of the federally recognized Miami Tribe of Oklahoma, TRIBE has sovereign immunity from unconsented suit. While sovereign immunity has its basis in the concept that "the King can do no wrong", the application of sovereign immunity prevents even evaluation of actions of a sovereign.

The history of Indian government sovereign immunity in the courts is well documented and United States Supreme Court evaluation of Indian governments acting through a development entity is readily on point.

In 1998, the United States Supreme Court decided *Kiowa Tribe of Oklahoma v. Manufacturing Technologies, Inc.*, 523 U.S. 751, 118 S.Ct. 1700, 140 L.Ed.2d 981 (1998). The case involved a development authority of the Kiowa Tribe acting in the same manner as TRIBE herein. The Supreme Court held:

> Tribes enjoy immunity from suits on contracts, whether those contracts involve governmental or commercial activities and whether they were made on or off a reservation. Congress has not abrogated this immunity, nor has petitioner waived it, so the immunity governs this case.

*Kiowa*, 523 U.S., at 760.

This precedent from the Supreme Court is not isolated. It follows a long line of cases which reach back to the 1830's and *Worchester v. Georgia*, 31 U.S. 515 (1832), wherein the federal government recognized the sovereignty of Indian governments from even state intrusion. Tribal sovereign immunity may be waived by Congress or the Indian government before the court. *Turner v. U.S.*, 248 U.S. 358 (1918). However, no waiver is given by TRIBE to the complainants. Any waiver of sovereignty must be unequivocally expressed and cannot be implied. *Leigh v. Blackfeet Tribe of the Blackfeet Reservation*, 17 I.L.R. 3129, 3130 (U.S.C. Mass No. 89-1568-2, August 17, 1990).

Note, further, that "the immunity possessed by Indian tribes is not coextensive with that of the States". *Kiowa,* 523 U.S., at 756, citing *Blatchford v. Native Village of Noatak*, 501 U.S. 775, 111 S.Ct. 2578, 115 L.Ed.2d 686 (1991). Indian government sovereignty predates the Constitution and extends beyond contract. "As sovereigns or quasi-sovereigns, the Indian

3

Nations enjoyed immunity 'from judicial attack' absent consent to be sued". *See Kiowa,* 523 U.S., at 757, citing *United States v. United States Fidelity & Guaranty Co.*, 309 U.S., at 513-514 60 S.Ct., at 656-657. "Later cases, albeit with little analysis, reiterated the doctrine. *E.g., Puyallup,* 433 U.S., at 167, 172-173, 97 S.Ct., at 2621-2622; *Santa Clara Pueblo v. Martinez,* 436 U.S. 49, 58, 98 S.Ct. 1670, 1676-1677, 56 L.Ed.2d 106 (1978); *Three Affiliated Tribes,* 476 U.S., at 890-891, 106 S.Ct., at 2312-2313; *Blatchford, supra,* at 782, 111 S.Ct., at 2582-2583; *Coeur d'Alene, supra,* at 268, 117 S.Ct. at 2033-2034." *Kiowa* at 757.

The Eleventh Circuit, though no longer as populated by Indian governments as in past history, reviewed Indian government sovereign immunity in 2009. In *Freemanville Water Systems, Inc. v. Poarch Band of Creek Indians*, *PCI*, 563 F.3d 1205 (11th Cir. 2009), the court declined to limit the exercise of Indian sovereignty to Indian lands, citing *Kiowa, supra*, in holding that sovereign immunity applies "…without drawing a distinction on where the tribal activities occurred." *Freemanville* at 1210, citing *Kiowa*, 523 U.S., at 754. *Freemanville* also quoted from *Florida v. Seminole Tribe*, 181 F.3d 1237, 1241 (11th Cir. 1999), another Eleventh Circuit case which quoted *Santa Clara Pueblo v. Martinez*, 436 U.S. 49 (1978), stating that "Indian tribes have long been recognized as possessing the common-law immunity from suit traditionally enjoyed by sovereign powers." *Freemanville* at 1207. Further, *Freemanville, supra*, noted that the immunity bar extended "…regardless of the type of relief sought". See *Florida Paraplegic Association v. Miccosukee Tribe of Indians*, 166 F.3d 1126, 1127 (11th Cir. 1999) (barring suit for injunctive relief).

In sum, the United States Supreme Court begins the *Kiowa* evaluation by stating:

> As a matter of federal law, an Indian tribe is subject to suit only where Congress has authorized the suit or the tribe has waived its immunity. See *Three Affiliated Tribes of Fort Berthold Reservation v. Wold Engineering,* 476 U.S. 877, 890, 106 S.Ct.

4

> 2305, 2312-2313, 90 L.Ed.2d 881 (1986); *Santa Clara Pueblo v. Martinez,* 436 U.S. 49, 58, 98 S.Ct. 1670, 1676-1677, 56 L.Ed.2d 106 (1978); *United States v. United States Fidelity & Guaranty Co.,* 309 U.S. 506, 512, 60 S.Ct. 653, 656, 84 L.Ed. 894 (1940) *(USF & G).* To date, our cases have sustained tribal immunity from suit without drawing a distinction based on where the tribal activities occurred.

*Kiowa*, 523 U.S., at 754.

Nothing in complainants' allegations address the sovereignty of TRIBE. As a governmental extension of the Miami Tribe of Oklahoma, TRIBE is entitled to sovereign immunity. While complainants have pled that TRIBE is a state corporation, complainants' allegations do not recite facts pertaining to a state corporation and have not served a state corporation. TRIBE, by this Motion and Brief, have not responded as a state corporation.

The Court is asked to dismiss the political subdivision of the Miami Tribe of Oklahoma Business Development Authority, d/b/a Rocket Gaming Systems, on the basis of sovereign immunity. Such order may be worded so as not to include any state corporation from Oklahoma should one of a similar name be identified.

Dated this 14th day of July, 2010.

    /s/Stephen W. Shaw
Stephen W. Shaw (SHA006)
Attorney for Miami Tribe of Oklahoma
Business Development Authority

**OF COUNSEL**:
**REDDEN, MILLS & CLARK, LLP**
940 Financial Center
505 20th Street North
Birmingham, Alabama 35203
(205) 322-0457 - office
SWS@rmclaw.com

                               /s/Jess Green
                               Jess Green (OBA#3564
                               Attorney for Miami Tribe of Oklahoma
                               Business Development Authority

**OF COUNSEL**:
Green Law Firm, P.C.
301 East Main Street
Ada, Oklahoma 74820
(580)436-1946
(580) 332-5180 (facsimile)
lawoffices@cableone.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 14th day of July, 2010, this Brief was electronically filed with the Clerk of the Court, and copies shall be provided to the following:

**William Glassell Somerville, III**
**Andrew Philip Walsh**
Baker Donelson Bearman Caldwell & Berkowitz
Wachovia Tower
420 North 20th Street, Suite 1600
Birmingham, AL 35203-5203
205-250-8375
205-488-3775 (fax)
**Attorneys for Defendant, Bally Gaming, Inc.**
**Attorneys for Defendant, Nova Gaming, LLC.**
wsomerville@bakerdonelson.com
awalsh@bakerdonelson.com

**Walter Britt Calton**
P.O. Box 696
Eufaula, AL 36072-0696
334-687-2407
334-687-2466 (fax)
**Attorney for Plaintiffs**
wcalton@bellsouth.net

**David Russell Donaldson**
Donaldson & Guin LLC
505 20th Street North
Suite 1000
Birmingham, AL 35203
205-226-2282
205-226-2357 (fax)
**Attorney for Plaintiffs**
davidd@dglawfirm.com

**Tammy McClendon Stokes**
Donaldson & Guin LLC
505 20th Street North
Suite 1000
Birmingham, AL 35203
205-226-2282
205-226-2357 (fax)
**Attorney for Plaintiff**
tstokes@dglawfirm.com

**Michael Hampton Boles**
Johnston, Barton, Proctor & Rose LLP – Bham
Colonial Brookwood Center
569 Brookwood Village, Suite 901
Birmingham, AL 35209
205-458-9459
205-458-9500 (fax)
**Attorney for Defendant, Cadillac Jack, Inc.**
mhb@johnstonbarton.com

**Joseph Weldell Carlisle**
Johnston, Barton, Proctor & Rose LLP
Colonial Brookwood Center
569 Brookwood Village, Suite 901
Birmingham, AL 35209
205-458-9459
205-458-9500 (fax)
**Attorney for Defendant, Cadillac Jack, Inc.**
jwc@jbpp.com

**Robert Marcus Givhan**
Johnston, Barton, Proctor & Rose LLP
Colonial Brookwood Center
569 Brookwood Village, Suite 901
Birmingham, AL 35209
205-458-9459
205-458-9500 (fax)
**Attorney for Defendant, Cadillac Jack, Inc.**
rgivhan@johnstonbarton.com

**Jeffrey Edward Holmes**
Johnston, Barton, Proctor & Rose LLP
Colonial Brookwood Center
569 Brookwood Village, Suite 901
Birmingham, AL 35209
205-458-9459
205-458-9500 (fax)
**Attorney for Defendant, Cadillac Jack, Inc.**
jeh@johnstonbarton.com

**William Donald Jones, III**
Johnston, Barton, Proctor & Rose LLP – Bham
Colonial Brookwood Center
569 Brookwood Village, Suite 901
Birmingham, AL 35209
205-458-9459
205-458-9500 (fax)
**Attorney for Defendant, Cadillac Jack, Inc.**
wjones@johnstonbarton.com

**Emily Coody Marks**
**Tabor Robert Novak, Jr.**
Ball Ball Matthews & Novak PA
P.O. Box 2148
Montgomery, AL 36102-2148
334-387-7680
334-387-3222 (fax)
**Attorneys for Defendant, IGT**
emarks@ball-ball.com
tnovak@ball-ball.com

**Patricia C. Diak**
**William Mayfield Slaughter**
**Peter John Tepley**
Haskell Slaughter Young & Rediker LLC – Bham
1400 Park Place Tower
2001 Park Place North
Birmingham, AL 35203
205-251-1000
205-251-1133 (fax)
**Attorneys for Defendant, Macon County Greyhound Park, Inc.**
pcd@hsy.com
wms@hsy.com
pt@hsy.com

**John Merrill Bolton, III**
**Charlanna White Spencer**
Hill, Hill & Carter
425 South Perry Street
P.O. Box 116
Birmingham, AL 36104
334-834-7600
**Attorney for Defendant, McGregor**
jbolton@hillhillcarter.com
cspencer@hillhillcarter.com

**Lewis Conrad Anderson, IV**
**David R. Boyd**
**John Eric Getty**
Balch & Bingham LLP
1901 6th Avenue North
Birmingham, AL 35203
205-226-3415
205-488-5729 (fax)
**Attorneys for Defendant Multimedia Games, Inc.**
canderson@balch.com
dboyd@balch.com
egetty@balch.com