IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| WALTER BUSSEY, *et al.*, | ) |
| | ) |
|     Plaintiffs, | ) |
| v. | )   CASE NO. 3:10-CV-191-WKW |
| | ) |
| MACON COUNTY GREYHOUND | ) |
| PARK, INC., *et al.*, | ) |
| | ) |
|     Defendants. | ) |

## **ORDER**

Before the court are six motions to dismiss, filed by Defendants Cadillac Jack, Inc. (Doc. # 37), IGT (Doc. # 39), Macon County Greyhound Park, Inc. (Doc. # 41), Milton E. McGregor (Doc. # 41), Nova Gaming, LLC (Doc. # 43), Bally Gaming, Inc. (Doc. # 45), and Multimedia Games, Inc. (Doc. # 49). For the following reasons, the motions are due to be denied as moot.

On March 4, 2010, Plaintiffs, who paid to play electronic bingo machines at Victoryland in Shorter, Alabama, and lost wagers, filed a two-count Original Class Action Complaint against the above named Defendants and others. (Doc. # 1.) In Count I, Plaintiffs sought recovery of their gambling losses from Defendants under § 8-1-150 of the Alabama Code. In Count II, Plaintiffs sought treble damages from Defendants under the Racketeering Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1961, *et seq*. On April 28, 2010, Defendants filed the above motions to dismiss the Original Class Action Complaint for failure to state a claim and lack of subject matter jurisdiction. (Docs. # 37, 39, 41, 43, 45, 49); Fed. R. Civ. P. 12(b)(1) & (b)(6).

On June 4, 2010, Plaintiffs voluntarily dismissed their RICO claim in Count II (Doc. # 57),[1] and filed a collective response in opposition to the motions to dismiss as to Count I (Doc. # 58). Thereafter, on June 18, 2010, Plaintiffs filed a one-count Amended Class Action Complaint, which omitted the RICO claim but left intact the § 8-1-150 claim on substantially the same allegations as those in the Original Class Action Complaint. (Doc. # 70.) Defendants responded to the Amended Class Action Complaint by again filing motions to dismiss. (Docs. # 74, 75, 76, 77, 82, 83.) In this second round of motions, Defendants contended that the same deficiencies and defects concerning the § 8-1-150 claim that existed in the Original Class Action Complaint also existed in the Amended Class Action Complaint. Defendants moved, therefore, to dismiss the § 8-1-150 claim in the Amended Class Action Complaint for the same reasons set forth in the original motions to dismiss, and they incorporated by reference the grounds, arguments and legal authority set forth in the first round of motions to dismiss.

Based upon the foregoing, it is ORDERED that the motions to dismiss the Original Class Action Complaint, filed by Defendants Cadillac Jack, Inc. (Doc. # 37), IGT (Doc. # 39), Macon County Greyhound Park, Inc. (Doc. # 41), Milton E. McGregor (Doc. # 41),

---

[1] Rule 41(a)(1)(A)(i) of the Federal Rules of Civil Procedure allows a plaintiff to dismiss an action without a court order by filing a notice of dismissal before an opposing party serves either an answer or a motion for summary judgment. Fed. R. Civ. P. 41(a)(1)(A)(i). "Even if the defendant has filed a motion to dismiss, the plaintiff may terminate his action voluntarily by filing a notice of dismissal under Rule 41(a)(1)[(A)(i)]." *Concha v. London*, 62 F.3d 1493, 1506 (9th Cir. 1995). "Unless the notice . . . states otherwise, the dismissal is without prejudice." Fed. R. Civ. P. 41(a)(1)(B). When Plaintiffs filed their Notice of Voluntary Dismissal of Count II (Doc. # 57), Defendants had not filed answers or summary judgment motions, and the filings of the motions to dismiss did not affect the applicability of Rule 41(a)(1)(A)(i).

Nova Gaming, LLC (Doc. # 43), Bally Gaming, Inc. (Doc. # 45), and Multimedia Games, Inc. (Doc. # 49), are DENIED as moot.  All grounds in these motions raised in support of dismissal of the § 8-1-150 claim will be considered as being addressed to the Amended Class Action Complaint.

DONE this 15th day of March, 2011.

/s/ W.  Keith Watkins<br>UNITED STATES DISTRICT JUDGE