IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| DOLLIE WILLIAMS, *et al.*, | ) |
| | ) |
| Plaintiffs, | ) |
| v. | ) CASE NO. 3:10-CV-191-WKW |
| | ) [WO] |
| MACON COUNTY GREYHOUND | ) |
| PARK, INC., *et al.*, | ) |
| | ) |
| Defendants. | ) |

## **ORDER**

Before the court is Plaintiffs' Motion for Leave to File Under Seal. (Doc. # 214.) Plaintiffs move the court for leave to file under seal Plaintiffs' Memorandum in Support of Their Motion for Class Certification and the accompanying evidentiary materials in their entirety on the ground that "almost all of the evidentiary material cited and discussed in the supporting memorandum have been designated 'Confidential' by the parties," pursuant to the Confidentiality and Inadvertent Disclosure Order.[1] (Doc. # 214, at 1.)

"'The operations of the courts . . . are matters of utmost public concern.'" *Romero v. Drummond Co.*, 480 F.3d 1234, 1245 (11th Cir. 2007) (quoting *Landmark*

---

[1] Consistent with this district's local rules, documents exchanged during discovery have not been filed with the court. *See* M.D. Ala. LR 5.1. The disclosure of these documents during the discovery process, however, has been governed by a consent protective order issued at the request of the parties. (Doc. # 125.)

*Commc'ns, Inc. v. Virginia*, 435 U.S. 829, 839 (1978)). "'[W]hat happens in the halls of government is presumptively public business. Judges deliberate in private but issue public decisions after public arguments based on public records.'" *Estate of Martin Luther King, Jr., Inc. v. CBS, Inc.*, 184 F. Supp. 2d 1353, 1362 (N.D. Ga. 2002) (quoting *Union Oil Co. of Calif. v. Leavell*, 220 F.3d 562, 568 (7th Cir. 2000)). There is a common-law right that favors access to judicial records and includes the "right to inspect and copy public records and documents." *Chi. Tribune Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1311 (11th Cir. 2001). This common-law right "is instrumental in securing the integrity of the [judicial] process," but it is not absolute. *Id.*

"[M]aterial filed with discovery motions is not subject to the common-law right of access." *Id.* at 1312. "[T]he need for public access to discovery is low because discovery is 'essentially a private process[,] . . . the sole purpose [of which] is to assist trial preparation.'" *Romero*, 480 F.3d at 1245 (quoting *United States v. Anderson*, 799 F.2d 1438, 1441 (11th Cir. 1986)). In contrast, "material filed in connection with pretrial motions that require judicial resolution of the merits is subject to the common-law right." *Chi. Tribune Co.*, 263 F.3d at 1312-13; *see also Romero*, 480 F.3d at 1245 ("Material filed in connection with any substantive pretrial motion, unrelated to discovery, is subject to the common law right of access."). That

right, however, "may be overcome by a showing of good cause." *Romero*, 480 F.3d at 1245. This standard parallels the "good cause" standard of Rule 26(c) of the Federal Rules of Civil Procedure governing protective orders. *Chi. Tribune Co.*, 263 F.3d at 1312. The good cause "standard requires the district court to balance the party's interest in obtaining access against the other party's interest in keeping the information confidential." *Chi. Tribune Co.*, 263 F.2d at 1304. For purposes of conducting this balancing test, factors relevant to the court's inquiry include:

> whether allowing access would impair court functions or harm legitimate privacy interests, the degree of and likelihood of injury if made public, the reliability of the information, whether there will be an opportunity to respond to the information, whether the information concerns public officials or public concerns, and the availability of a less onerous alternative to sealing the documents.

*Romero*, 480 F.3d at 1246.

Moreover, because the court is obligated to protect the public's right to access judicial records, it is not bound by the parties' stipulation to seal the documentary record. *See In re Estate of Martin Luther King, Jr., Inc.*, 184 F. Supp. 2d at 1363; *see also Romero*, 480 F.3d at 1247 ("[T]hat both parties want to seal court documents 'is immaterial' to [the] public right of access." (quoting *Brown v. Advantage Eng'g, Inc.*, 960 F.2d 1013, 1016 (11th Cir. 1992)). And even absent a third-party challenge, the court has an independent obligation to ensure that documents filed under seal do not

3

impair the public's right to access the judicial record. *See In re Estate of Martin Luther King, Jr., Inc.*, 184 F. Supp. 2d at 1363.

Plaintiffs seek a blanket sealing of the brief and all exhibits submitted in support of their motion for class certification, notwithstanding their concession that not all of the evidentiary materials were marked "confidential." Plaintiffs have not addressed the public's presumptive right of access to these documents once filed in connection with a motion for class certification. Plaintiffs also have not addressed whether the good cause factors weigh in favor of sealing the entirety of the submission for class certification. Accordingly, Plaintiffs have not shown that these documents should be sealed. It is ORDERED, therefore, that the motion for leave to file under seal (Doc. # 214) is DENIED.

DONE this 4th day of September, 2012.

                                             /s/ W. Keith Watkins
                                   CHIEF UNITED STATES DISTRICT JUDGE